UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

Eastern District of Kentucky
FILED

AUG 20 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-379-JMH

LOUIS L. MARTIN,                                                                PETITIONER

V.               PROPOSED FINDINGS OF FACT
                 AND RECOMMENDATION

THOMAS L. SIMPSON, Warden,                                                      RESPONDENT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On November 9, 2006, petitioner Louis L. Martin, pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Fayette Circuit Court on or about February 3, 1998. [DE #1].

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

On July 23, 2007, the Respondent moved to dismiss on the grounds that this action is time-barred, having been filed after the applicable statute of limitations had expired.[1] [DE #6]. In the alternative, Respondent moved for an extension of time in which to file his Rule 5 answer in the event his motion to dismiss were denied. Petitioner having filed a response to Respondent's motion to dismiss [DE #7], this matter is ripe for review.

---

[1] Along with Respondent's motion to dismiss, the Respondent also filed an 18-page Appendix (hereafter "A"), consisting of relevant portions of the state court record, the opinion of the Kentucky Supreme Court on direct appeal, the opinion of the Kentucky Court of Appeals affirming the denial of petitioner's post-conviction petition filed in Fayette Circuit Court, and a copy of the order from the Kentucky Supreme Court denying discretionary review.

## II. DISCUSSION

### A. Standard of Review

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

### B. Prerequisites for federal habeas corpus review

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

Petitioner is presently an inmate at the Kentucky State Penitentiary in Eddyville, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

### C. Factual and Procedural History

On December 17, 1997, following a jury trial, the jury returned a verdict against petitioner, finding him guilty of Wanton Murder and of Theft by Unlawful Taking Over $300. Thereafter, on January 30, 1998, the trial court, consistent with the jury's recommended sentencing, imposed a sentence of thirty (30) years on the Wanton Murder charge and a consecutive five-year sentence on the theft charge, for a total sentence of thirty-five (35) years. Final Judgment and Sentence of Imprisonment was entered on February 3, 1998. (A 1-4).

Petitioner appealed his convictions to the Kentucky Supreme Court. In an unpublished opinion rendered on June 17, 1999, the Kentucky Supreme Court affirmed petitioner's convictions. (A 5-12).

Subsequently, on October 21, 2004, more than five years after the Kentucky Supreme Court affirmed his convictions, petitioner, *pro se*, filed a petition for writ *venire facias de novo* in Fayette Circuit Court, arguing that his conviction should be vacated and that he should be released because the trial court improperly gave a wanton murder instruction in this case. On October 27, 2004, the trial court denied petitioner's petition for writ *venire facias de novo*, and in an unpublished opinion rendered on June 30, 2006, the Kentucky Court of Appeals affirmed the trial court's denial of petitioner's petition for writ *venire facias de novo*. (A13-17). Thereafter, petitioner sought discretionary review from the Kentucky Supreme Court, which was denied on October 12, 2006. (A 18).

As previously stated, the present federal habeas petition was filed on November 9, 2006.

### D. The Statute of Limitations for state habeas actions

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") became effective. Section 101 of the AEDPA amended 28 U.S.C. § 2244, adding a new period of limitations for the filing of petitions for writ of habeas corpus. Section 2244 now reads in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Respondent argues that the new one-year period of limitations established by the AEDPA bars the present habeas petition.

## Analysis

Being filed on November 9, 2006, the federal habeas petition was filed subsequent to the enactment of the AEDPA. At first glance, it does not appear (1) that there was any impediment to Petitioner's filing of the petition, (2) that the petition is based upon the assertion of a newly recognized constitutional right, and (3) that there is any issue as to the date on which the factual predicate of Petitioner's claims could have been discovered. Therefore, it is necessary to determine the date on which Petitioner's conviction became final.

To reiterate, the Kentucky Supreme Court affirmed Petitioner's convictions on June 17, 1999, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within ninety (90) days thereafter. See *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003). Thus, it appears that Petitioner's conviction became final on September 17, 1999, the last date Petitioner could have filed a petition in the United States Supreme Court for a writ of certiorari.

Once Petitioner's conviction became final, pursuant to the AEDPA, he had one year in which either to seek collateral review of his conviction by filing an RCr 11.42 motion in the trial court or to file a federal habeas petition.

On October 21, 2004, more than four years after his conviction became final, Petitioner filed a petition for writ *venire facias de novo* in Fayette Circuit Court, arguing that his conviction should be vacated and that he should be released because the trial court improperly gave a wanton murder instruction in this case. However, by the time Petitioner filed that petition, the one-year statute of limitations, which began to run on September 17, 1999, had already expired. Therefore, the petition for writ *venire facias de novo* filed in Fayette Circuit Court does not operate to toll the running of the one-year statute of limitations, which expired on or about September 17, 2000. Thus, petitioner's federal habeas petition is time-barred.

Petitioner argues that he should get the benefit of equitable tolling. However, as seen in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court has held in that in order to receive the benefit of equitable tolling, a petitioner has to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner has not met that burden; he raised a challenge to the giving of the wanton murder jury instruction in his direct appeal and then waited over five years before beginning a second attack on the giving of the wanton murder instruction. Thus, it can hardly be said that Petitioner has diligently pursued his claims, and there is no suggestion of any "extraordinary circumstance" that may have stood in his way. In short, Petitioner slept on his rights for over five years before pursuing any post-direct appeal relief, and he simply waited too long to mount a collateral attack of any type.

Consequently, since Petitioner's federal habeas petition was not filed on or before September 17, 2000, the date the one-year statute of limitations expired, the Magistrate Judge concludes that it is time-barred.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the case law relevant to the one-year statute of limitations imposed by the AEDPA for the filing of federal habeas petitions, the Magistrate Judge concludes that Petitioner's federal habeas claim was not timely filed.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion to dismiss this action as time-barred [DE #6] be **GRANTED**, that Respondent's motion for an extension of time in which to file his answer [DE #6] be **DENIED AS MOOT**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed,

474 U.S. 140 (1985); <u>Wright v. Holbrook,</u> 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 6 and 72(b).

This 20th day of August, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE